### SEARS, ROEBUCK AND COMPANY, Appellant,

v.

### Eula Almeta DECELL, Appellee.

### No. 4896.

Court of Civil Appeals of Texas, Waco.

April 30, 1970.

Rehearing Denied May 21, 1970.

Matthews & Thorp, Robert E. Davis, Dallas, for appellant.

Hines, Lair, Zollner, Smith & Dollinger, Harold J. Dollinger, Arthur M. Albin, Dallas, for appellee.

## OPINION

HALL, Justice.

Appellee purchased a 220-volt window air-conditioner from Appellant. For an additional charge to appellee, appellant arranged for a third party, with whom it had a contract, to install the unit in appellee's home in Dallas, Texas. Within three weeks after the unit was installed, a fire which originated in the power cord of the unit caused extensive damages to appellee's house and some personalty. This is an

appeal from a judgment in appellee's favor for that damage. We affirm the judgment.

The trial court filed express findings that the unit was installed by a contractor chosen by appellant; that the contractor wound the 220-volt power cord around the venetian blind hooks on the window sill; that in so doing he failed to install the cord in a good workmanlike manner; and, that the fire was caused by an electrical contact between the power leads and the ground wire, which occurred when the hook cut through the installation as a result of tension on the cord.

Appellant asserts that the evidence is legally insufficient or, alternatively, factually inadequate, to support the finding "that the installer wound the power cord around the venetian blind hooks." We overrule these contentions.

W. H. Lute, an investigator for the Fire Department of the City of Dallas, called as a witness by appellant, testified that he made an investigation the morning after the fire to determine its origin. Nothing had been moved or changed; "the scene was intact * * * the same as when the fire occurred." He found that the power cord, which was severely burned, was wrapped around the metal venetian blind hooks.

Appellee is 83 years of age and widowed. Her sister, Mrs. White, whose children "are all married," lives with her. They share the upstairs bedroom in which the unit was installed.

Appellee testified that from the time the unit was placed in the window by the man "that Sears sent out to install it," until the fire, she had no occasion to touch any part of it other than the "on-off switch"; and that during that time she did not "do anything with that power cord or touch it or change it." Mrs. White testified that during the same interval she did not "change, move or touch any part of the air-conditioning unit other than the on and off switch"; and that she did not "in any

way move or handle or change the power cord"; and that appellee was the only other person who would have been in the bedroom.

We have reviewed the entire record. The evidence is legally and factually sufficient to support the questioned finding.

Appellant's two remaining contentions are without merit and are overruled.

The judgment is affirmed.